dismissed on his motion, unless the court should allow further time to the plaintiffs to file such security. The court recognized this right of the defendant when it entered a rule on the plaintiffs to file a bond for costs within five days.  Until that rule was complied with, or the time allowed for compliance expired, it could not be known whether there would be any issue to be tried either by the court or a jury.  If no bond for costs had been filed, the making of a written demand for a jury trial and the payment of the jury fees would have been wholly unnecessary and futile.  To hold that under such circumstances the failure to make such a demand and payment before any bond for costs was filed amounted to a waiver of the constitutional right of trial by jury would be to adopt a most narrow and technical, instead of a liberal construction of the statute.  When defendant appeared for the first time in answer to plaintiff's claim on the merits he filed his written demand for a jury trial.  We think this was a sufficient compliance with the statute, and that the court erred in refusing to give him a trial by jury.

The judgment of the Municipal Court will be reversed and remanded.

*Reversed and remanded.*

---

**Greer-Wilkinson Lumber Company, Defendant in Error, v. George A. Neeves, Plaintiff in Error.**

**Gen. No. 18,726.   (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. Frederick L. Fake, Jr., Judge, presiding.  Heard in the Branch Appellate Court at the October term, 1912.  Affirmed.  Opinion filed January 22, 1914. Rehearing denied February 3, 1914.

## Statement of the Case.

Action by Greer-Wilkinson Lumber Company, a corporation, against George A. Neeves on a promissory note given by defendant to plaintiff in renewal of another note for the same amount. The original note was given to plaintiff as a result of a compromise agreement in payment for materials purchased by a contractor and used by the contractor in constructing a house for defendant after defendant had disputed his liability to pay therefor, and after defendant had refused to pay the contractor on the ground that the building did not conform to specifications. The defense to the note was want of consideration. From a judgment in favor of plaintiff for $586.15, defendant brings error.

GEORGE A. NEEVES, JR. and LELAND K. NEEVES, for plaintiff in error.

EASTMAN & WHITE, for defendant in error; RALPH R. HAWXHURST, of counsel.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

## Abstract of the Decision.

COMPROMISE AND SETTLEMENT, § 5*—*when compromise of disputed claim sufficient consideration for a note.* Where a person as a result of a compromise agreement gives his promissory note in settlement of a doubtful claim he is liable thereon and cannot urge want of consideration for the note, even though the claim could not have been legally enforced against him, where there was neither actual nor constructive fraud and the parties acted in good faith with full knowledge of all the facts.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.